GRIFFIS, J.,
for the Court.
¶ 1. John B. Herring was convicted of conspiracy to commit armed robbery and was sentenced to serve five years in the custody of the Mississippi Department of Corrections. He was also convicted of robbery with a deadly weapon and sentenced to serve twenty years, with ten suspended, in the custody of the Mississippi Department of Corrections. On appeal, Herring claims that the trial judge erred in admitting the testimony of Randall Kirkpatrick and that the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 2. On the night of September 7, 2003, just after the store closed at 10:00 p.m., an armed man entered and robbed Kaye’s Food Market in Senatobia. The only people in the store at the time of the robbery were the store’s assistant manager, John Herring, and the bookkeeper, Lynn Cummings.
¶ 3. Cummings testified that a man entered through the front door, with his face covered and carrying a handgun. The man was later identified as Rashad Frank. Frank grabbed Cummings’ arm and demanded that she give him the money from the safe. Cummings began yelling for Herring to come and open the safe.
¶ 4. Frank ordered Cummings to lie face down on the floor outside the office door, and he and Herring entered the office. Herring opened the safe and put the money into several bags. Frank asked to be let out the rear door of the store. Frank then followed Herring and Cummings to the rear of the store. He ordered Cummings to the floor while the door was unlocked and then fled from the building. Herring locked the front door, and Cummings called the police.
¶ 5. A short time later, Frank and Derrick Loveberry were stopped by the Sena-tobia Police. The pair were arrested after officers found a Kaye’s smock, a black hood, a black do-rag, and a black jacket on the backseat of the car.
¶ 6. Herring was later indicted on the charges of conspiracy to commit armed robbery and robbery with a deadly weapon. At trial, both Frank and Loveberry testified that the robbery had been Herring’s idea. Frank and Loveberry both pled guilty to the charges of conspiracy to commit armed robbery and robbery with a deadly weapon. The jury found Herring guilty, and the trial judge denied his motion for a new trial or, in the alternative, a judgement notwithstanding the verdict.
ANALYSIS

I. Whether the trial court erred by overruling the defense’s objection to Randall Kirkpatrick’s testimony.

¶ 7. Under this Court’s standard of review, the admissibility of evidence rests within the trial court’s discretion. Jefferson v. State, 818 So.2d 1099, 1104(¶ 6) (Miss.2002). Unless his or her judicial discretion is abused, this Court will not reverse his or her ruling. Id. “Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” M.R.E. 103(a).
¶ 8. Herring argues that the trial court erred by admitting the testimony of Randall Kirkpatrick. The portion of Kirkpatrick’s testimony that was at issue related to Frank’s view of the safe from where he was standing. We find that the admission of this testimony did not affect the right of Herring to a fundamentally fair trial.
¶ 9. Herring cites Ratliff v. State, 879 So.2d 1062 (Miss.Ct.App.2004), as analo *1253 gous to his case. In Ratliff, the witness gave a commentary of the events as they occurred on the video surveillance. None of the testimony was based on first hand knowledge of the events, but was merely a narrative of the events as they occurred. Id. at 1065. The supreme court held that “considering the totality of the evidence before the court, the error was, at best, harmless.” Id.
¶ 10. Randall Kirkpatrick was the manager of Kaye’s Food Market at the time of the robbery. Kirkpatrick testified that from where the robber was positioned he could not see the contents of the safe. Herring objected on the grounds that the question called for speculation as to what the robber saw. As the store’s manager, Kirkpatrick should have first hand knowledge of the store and the view from different points within the store. Mississippi Rule of Evidence 701(a) states that testimony of lay witnesses must be limited to those opinions or inferences which are rationally based on the perception of the witness. Kirkpatrick was personally familiar with the store’s layout and the office so his testimony was rationally based on his own knowledge and perception. In addition to Kirkpatrick’s testimony, Rash-ad Frank testified that he could not see inside the safe from where he stood. Accordingly, we find no reversible error in the admission of Kirkpatrick’s testimony.

II. Whether the verdict is against the overwhelming weight of the evidence.

¶ 11. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Flowers v. State, 601 So.2d 828, 833 (Miss.1992). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. Id.
¶ 12. At trial, the jury heard testimony from fourteen witnesses, including Herring and his two co-defendants. The testimony of one credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987). Herring argues that the testimony of the co-defendants could not clearly establish that Herring was involved in the crime beyond a reasonable doubt.
¶ 13. However, the jury heard testimony that there were phone calls between Frank and Herring the day before and the day of the robbery. The records of these calls were introduced into evidence. Additionally, the jury viewed the video from the surveillance camera and was able to judge the defendant’s demeanor.
¶ 14. This Court must accept as true the evidence which supports the verdict. Walker v. State, 881 So.2d 820, 831 (¶ 32)(Miss.2004). Hence, giving the State the benefit of all favorable inferences that may reasonably be drawn from the evidence, we find that ample evidence supports the guilty verdict. Accordingly, we find no merit to the errors cited by the Appellant and affirm.
¶ 15. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT ONE CONSPIRACY TO COMMIT ARMED ROBBERY AND SENTENCE OF FIVE YEARS, AND COUNT TWO CONVICTION OF ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF TWENTY YEARS, WITH TEN YEARS SUSPENDED, TO RUN CONCURRENTLY WITH SENTENCE IN COUNT ONE, ALL IN THE CUSTODY *1254 OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.